**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

AMOS COOPER                                                                                              PLAINTIFF
ADC #129093

v.                                            2:11-cv-00045-BSM-JJV

A. WINFREY, IRO, East Arkansas Regional
Unit, Arkansas Department of Correction; *et al.*                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Mr. Cooper is an inmate in the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"). He filed a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his right to due process. He names IRO A. Winfrey, Deputy Warden Danny Burl, and ADC Chief Deputy Director Larry May as Defendants. Plaintiff sues the Defendants in both their official and personal capacities. After careful review of the Complaint, the Court finds it should be DISMISSED for failure to state a claim upon which relief may be granted.

## I. BACKGROUND/FACTS

Mr. Cooper was scheduled to appear before the parole board on December 9, 2010. (Doc. No. 2 at 4.) He received a "Deferred to Class II" form on November 22, 2010, from IRO Winfrey, with a note attached stating, "Please review this document and make a wise

choice by signing this waiver." (*Id.* at 4.) Plaintiff refused to sign the form and informed IRO Winfrey that even though he was a Class III, he still wanted to appear at his hearing before the parole board. (*Id.* at 4.) He received a second form from Winfrey, which he also refused to sign. (*Id.*) Plaintiff was not allowed to appear at his hearing so he filed a grievance alleging that IRO Winfrey removed his name from the list and forged his name. (Doc. No. 2 at 7, 9.) Plaintiff received yet a third form from IRO Winfrey. (*Id.* at 4.) In response to the grievance, Warden Burl informed Plaintiff that according to ADC policy, parole matters are non-grievable.[1] (*Id.* at 4.) According to Plaintiff, his appeal of Warden Burl's decision was rejected by Chief Deputy Director Larry May. (*Id.*)

## II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

---

[1] ADC Administrative Directive 04-01 states that parole matters are non-grievable matters. (Doc. No. 2 at 11.)

3

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *See id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

### III. ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to

42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause protects an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power. *J. McIntyre Machinery, Ltd. v. Nicastro*, _ U.S. _, 131 S.Ct. 2780, 2786 (2011). Although, there is no constitutional right to parole, a protected liberty interest may be created, however, by the statutes governing parole in a given jurisdiction. *Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir. 1992); *Gale v. Moore*, 763 F.2d 341, 342 (8th Cir. 1985). In order to succeed on his due process claim, Plaintiff must first identify some liberty interest created by state law, regulation, or practice, to which he has a legitimate claim of entitlement. *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1985). There are two standards which determine whether a protected liberty interest is created: (1) does a statute, regulation, or official policy pronouncement contain particularized substantive standards or criteria that significantly guide the decision makers; and (2) does the statute, regulation, or official policy pronouncement use mandatory language requiring the decision makers to act in a certain way. *Id.*; *Gale*, 763 F.2d at 342-43 (8th Cir. 1985); *Parker v. Corrothers*, 750 F.2d 653, 656-62 (8th Cir. 1984).

If true, the Court is sympathetic to Plaintiff's claims. As a practical matter it would be unjust to not allow an inmate the choice to appear before the Parole Board if the Board had offered such an opportunity. However, as a constitutional matter, there simply is no right

to appear before the parole board. Plaintiff thus fails to establish that he had a protected liberty interest entitling him to the protections of the Due Process Clause. Accordingly, the Court finds that Plaintiff fails to state a claim against Defendants and that his Complaint should be DISMISSED.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's Compliant (Doc. No. 2) should be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. All pending motions should be denied as moot.

3. Dismissal of Plaintiff's Complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

4. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting this recommendation and the accompanying judgment would not be taken in good faith.

---

[2] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998), where the court held that dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g).

DATED this 18th day of October, 2011.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE